UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| James Cavanagh, #45592-004, | ) C/A No. 3:05-2842-RBH-JRM |
| Petitioner, | ) |
| vs. | ) |
| John LaManna, Warden, FCI Edgefield, | ) Report and Recommendation |
| Respondent. | ) |

A Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 has been submitted to the Court *pro se* by a federal prison inmate.[1] Petitioner is currently incarcerated at FCI-Edgefield, in Edgefield, South Carolina. He is serving a 300-month sentence for drug-related crimes entered in 1992 by the United States District Court for the Southern District of Florida. See U.S. v. Cavanaugh, Criminal Action No. 90-0007-CR-Nesbitt. His initial § 2255 motion was denied by the sentencing court in July 2000. According to his Answers to the Court's Special Interrogatories, Petitioner has not filed any requests with the Eleventh Circuit Court of Appeals to file any second or successive § 2255 motions in the sentencing court.

In this case, Petitioner contends that his sentence is "illegal" and that he is "actually innocent" of the sentence that he received in 1992 because the facts about Petitioner's alleged supervisory role in the drug conspiracy and about the quantity of drugs that were

---

[1] Pursuant to 28 U.S.C. §636(b)(1)(B), and Local Rule 73.02(B)(2)(c), D.S.C., this magistrate judge is authorized to review all pretrial matters in such *pro se* cases and to submit findings and recommendations to the District Court. See also 28 U.S.C. § § 1915(e); 1915A (as soon as possible after docketing, district courts should review prisoner cases to determine whether they are subject to summary dismissal).

1

involved in the conspiracy were not included in the indictment under which Petitioner was tried nor were they submitted to and found to exist beyond a reasonable doubt by the jury. In making these claims, Petitioner relies on several United States Supreme Court cases that were decided quite some time after Petitioner's conviction and sentence became final: Apprendi v. New Jersey, 530 U.S. 466 (2000); U.S. v. Booker, 543 U.S. 220 (2005); and Blakely v. Washington, 542 U.S. 296 (2004). In answer to a question on the petition form he used from his § 2241 Petition in this case, Petitioner responded that the § 2255 remedy "is inadequate or ineffective to test the legality of [his] detention" because "petitioner is actually innocent and outside the limits of the Constitution and laws of the United States as found to be in context with Apprendi/Blakely/Booker as far as the Court found enhanvements [sic] determined by a perponderance [sic] of the evidence. Petitioner has no other means to have this argument presented to the Court." Petition, at 2.

Under established local procedure in this judicial district, a careful review has been made of the *pro se* Petition filed in this case. The review was conducted pursuant to the procedural provisions of 28 U.S.C. §§ 1915, 1915A, and the Anti-Terrorism and Effective Death Penalty Act of 1996, and in light of the following precedents: Denton v. Hernandez, 504 U.S. 25 (1992); Neitzke v. Williams, 490 U.S. 319, 324-25 (1989); Haines v. Kerner, 404 U.S. 519 (1972); Nasim v. Warden, Maryland House of Correction, 64 F.3d 951 (4th Cir. 1995); Todd v. Baskerville, 712 F.2d 70 (4th Cir. 1983); Boyce v. Alizaduh, 595 F.2d 948 (4th Cir. 1979).

This Court is required to construe *pro se* petitions liberally. Such *pro se* petitions are held to a less stringent standard than those drafted by attorneys, *see* Gordon v. Leeke, 574 F.2d 1147, 1151 (4th Cir.1978), and a federal district court is charged with liberally

construing a petition filed by a *pro se* litigant to allow the development of a potentially meritorious case.  *See* Hughes v. Rowe, 449 U.S. 5, 9 (1980); Cruz v. Beto, 405 U.S. 319 (1972).  When a federal court is evaluating a *pro se* petition the petitioner's allegations are assumed to be true.  *See*  Fine v. City of New York, 529 F.2d 70, 74 (2d Cir. 1975).  The requirement of liberal construction does not mean that the Court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court.   *See* Weller v. Department of Social Servs., 901 F.2d 387 (4th Cir. 1990). However, even under this less stringent standard, the Petition submitted in this case is subject to summary dismissal.

The Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241 in this case should be dismissed because Petitioner's claims are only cognizable under 28 U.S.C. § 2255, not 28 U.S.C. § 2241, and because Petitioner cannot show that § 2255 is/was inadequate or ineffective in his case.  Prior to enactment of 28 U.S.C. § 2255, the only way a federal prisoner could collaterally attack a federal conviction was through a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241.  *See* Triestman v. United States, 124 F.3d 361, 373 (2d Cir. 1997).  In 1948, Congress enacted § 2255 primarily to serve as a more efficient and convenient substitute for the traditional habeas corpus remedy.  In doing so, Congress did not completely foreclose the use of § 2241 as a remedy for federal prisoners. Section 2241 remains an option whenever a § 2255 motion is "inadequate or ineffective" to test the legality of a prisoner's detention.  *See* In re Dorsainvil, 119 F.3d 245, 249 (3d Cir. 1997).

Since the passage of § 2255, § 2241 has been resorted to only in limited situations such as actions challenging the administration of parole, Doganiere v. United States, 914

3

F.2d 165, 169-70 (9th Cir. 1990); computation of good time or jail time credits, McClain v. United States Bureau of Prisons, 9 F.3d 503, 504-05(6th Cir. 1993); prison disciplinary actions, United States v. Harris, 12 F.3d 735, 736 (7th Cir. 1994); or imprisonment allegedly beyond the expiration of a sentence, Atehortua v. Kindt, 951 F.2d 126, 129-30 (7th Cir. 1991).  Essentially, § 2241 is an appropriate basis for a habeas petition where a prisoner challenges the execution of his/her sentence, but it is not generally available where the underlying validity of the conviction and sentence is being challenged.  *See* Charles v. Chandler, 180 F.3d 753, 756 (6th Cir. 1999)(collecting cases from other circuits).

According to at least one court, "a prisoner who challenges his federal conviction or sentence cannot use the federal habeas corpus statute at all but instead must proceed under 28 U.S.C. § 2255."  Waletzki v. Keohane, 13 F.3d 1079, 1080 (7th Cir.1994).  A petition for habeas corpus under § 2241, in contrast, is the remedy to challenge federal confinement that is not pursuant to a sentence of a federal court, the unlawful execution of a valid sentence, or confinement beyond its term.  *See* Atehortua v. Kindt, 951 F.2d at 129-30.  Under binding Fourth Circuit precedent, the possibility that a section 2255 petition filed by Petitioner in the Southern District of Florida might be found untimely or successive and without authorization from the appeals court does not render the § 2255 remedy inadequate or ineffective.  *See* In Re Vial, 115 F.3d 1192, 1194 n. 5 (4th Cir. 1997)(*en banc*); Tanksley v. Warden, 2000 WL 1140751(6th Cir., Aug 08, 2000) (unpublished opinion); Ward v. Snyder, 2000 WL 1871725 (6th Cir., Dec 12, 2000)(unpublished opinion); Gonzales v. Snyder, 2000 WL 636908 (8th Cir., May 18, 2000)(same); Elzie v. Pugh,1999 WL 734453 (10th Cir., Sept. 21, 1999)(same); Onaghise v. Bailey, 1999 WL 613461 (9th Cir., Aug 12, 1999)(same).

Here, regardless of attempts to couch his assertions about his sentence as "jurisdictional" or to claim "actual/legal innocence," it is clear that Petitioner's claims go directly to the underlying validity of his sentence, not to the manner of execution of the sentence.[2] Thus, in absence of operation of the § 2255 savings clause, these claims are not properly made in a § 2241 petition. In this case, as stated above, Petitioner attempts to argue that the § 2255 remedy is inadequate and ineffective in his case because, according to Petitioner, he has been so far unable to raise his challenges with the sentencing court for some undisclosed reason. However, also as stated above, it does not appear that Petitioner has availed himself of the opportunity to request permission from the Eleventh Circuit to file a second § 2255 motion in order to raise his current sentence challenges. *See* 28 U.S.C. § 2244. As a result, Petitioner cannot, in good faith, claim that the § 2255 is "inadequate or ineffective" in his case because he has failed to pursue his claims through available procedural channels. Section 2255, coupled with 28 U.S.C. § 2244, provides a mechanism under which a prisoner who has previously filed an unsuccessful § 2255 motion may, under specific circumstances, later obtain permission to file a second § 2255 from the Court of Appeals for the circuit in which the sentencing court sits.[3] Before filing this § 2241 Petition, Petitioner should have requested permission from

---

[2]This Court is not bound by Petitioner's characterization of his claims because, when considering the issue of its own jurisdiction, district courts are authorized to disregard such characterizations to avoid "unjust manipulation or avoidance of its jurisdiction." *See* Lyon v. Centimark Corp., 805 F. Supp. 333, 334-35 (E.D. N.C. 1992); *see also* Louisville & Nashville R.R. v. Mottley, 211 U.S. 149 (1908).

[3]28 U.S.C. § 2255 in pertinent part provides:

> A second or successive motion must be certified *as provided in section 2244* by a panel of the appropriate court of appeals to contain--
> (1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable

the Eleventh Circuit to file another § 2255 motion in order to properly raise his claims.  *See* In Re Vial, 115 F.3d at 1194-98 (a state or federal prisoner must seek relief from the applicable Court of Appeals to file a successive petition under 28 U.S.C. § 2254 or 28 U.S.C. § 2255 when he/she raises points based on recent cases allegedly effecting a change of law).  Petitioner's broad statement that he "has no other means to have this argument presented to the Court" does not satisfy his burden of showing that the § 2255 savings clause should apply, especially since he has not availed himself of at least one way to attempt to present his argument to the appropriate court through the § 2244 procedure for seeking permission from the Eleventh Circuit to file another § 2255 motion in the sentencing court.

However, regardless of Petitioner's failure to seek permission to file a second § 2255, it is clear that even if this Court were to consider Petitioner's claims through this

---

factfinder would have found the movant guilty of the offense; or
(2) a new rule of constitutional law, *made retroactive to cases on collateral review by the Supreme Court*, that was previously unavailable.
(emphasis added)

28 U.S.C.A. § 2244(3)-(4), in turn, provides:

(3)(A) Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application.
    (B) A motion in the court of appeals for an order authorizing the district court to consider a second or successive application shall be determined by a three-judge panel of the court of appeals.
    (C) The court of appeals may authorize the filing of a second or successive application only if it determines that the application makes a prima facie showing that the application satisfies the requirements of this subsection.
    (D) The court of appeals shall grant or deny the authorization to file a second or successive application not later than 30 days after the filing of the motion.
    (E) The grant or denial of an authorization by a court of appeals to file a second or successive application shall not be appealable and shall not be the subject of a petition for rehearing or for a writ of certiorari.
(4) A district court shall dismiss any claim presented in a second or successive application that the court of appeals has authorized to be filed unless the applicant shows that the claim satisfies the requirements of this section.

§ 2241 case, the case would still be subject to summary dismissal because the rulings in Apprendi, Blakely, and Booker cannot be used to invalidate a sentence, as here, that became final before those decisions were even decided. With respect to "drug quantity" challenges in criminal cases like Petitioner's that were final prior to the United States Supreme Court decision in Apprendi, the Fourth Circuit Court of Appeals and other federal appeals courts have made it quite clear that, since Apprendi does not operate retroactively, such challenges are available to collateral attack such previously finalized convictions and sentences. *See* San-Miguel v. Dove, 291 F.3d 257, 261 (4th Cir.)(denial of section 2241 petition attempting to make an Apprendi challenge to drug conviction affirmed), *cert. denied*, 537 U.S. 938 (2002); *see also* Burch v. Corcoran, 273 F.3d 577, 584 (4th Cir. 2001), *cert. denied*, 535 U.S. 1104 (2002)(Apprendi not available retroactively in a section 2254 petition); United States v. Sanders, 247 F.3d 139, 146, 151 (4th Cir.), *cert. denied*, 534 U.S. 1032 (2001)(same, section 2255 motion); *accord* McCoy v. United States, 266 F.3d 1245, 1258 (11th Cir. 2001), *cert denied,* 536 U.S. 906 (2002); United States v. Moss, 252 F.3d 993, 997 (8th Cir. 2001); Jones v. Smith, 231 F.3d 1227, 1237-38 (9th Cir. 2000). The same is true of Booker and/or Blakely claims asserted by inmates such as Petitioner. Although the Supreme Court's opinions are actually silent on the issue of retroactivity, the Fourth Circuit Court of Appeals has recently joined with the majority of other courts that have considered the issue in holding that neither Blakely nor Booker may be applied retroactively to cases on collateral review.[4]  *See* U. S. v. Morris, 429 F.3d 65 (4th Cir.

---

[4] Other federal courts have also made such rulings. *See, e.g.*, U.S. v. Price, 400 F.3d 844 (10th Cir. 2005)(2255); Varela v. U.S., 400 F.3d 864 (11th Cir. 2005)(2255); Cooper-Smith v. Palmateer, 397 F.3d 1236 (9th Cir. 2005)(2254); In re Anderson, 396 F.3d 1336(11th Cir. 2005)(Booker not a ground for successive 2255); In re Dean, 375 F.3d 1287(11th Cir. 2004)(same; Blakely); Lindsey v. Jeter, 2005 WL 550380 (N.D. Tex., Mar. 08, 2005)(2241); Thomas v. Jeter, NO. CIV.A. 4:04-CV-801-Y, 2005 WL 623503 (N.D.Tex., Mar.

2005)("The rule announced in *Booker* is a new rule of criminal procedure, but it is not a watershed rule. Accordingly, the Booker case is not available for post-conviction relief for federal prisoners, like Morris, whose convictions became final before Booker was decided."). As a result, it is clear that Petitioner's claims do not provide a basis for habeas relief in this case.

Finally, to the extent that Petitioner asserts "actual innocence" in this case, it is clear that his claim is facially insufficient to require consideration by this Court.[5] Cognizable claims of "actual innocence" are extremely rare and must be based on "factual innocence not mere legal insufficiency." Bousley v. United States, 523 U.S. 614, 623 (1998); *see also* Doe v. Menefee, 139 F.3d 147 (2d Cir. 2004)  Prisoners such as Petitioner often assert "actual innocence" rather than, or in addition to, "inadequacy and ineffectiveness of remedy" in situations like the present, *i.e.*, where a direct appeal is unsuccessful (or the time for appeal has expired) and an initial section 2255 motion or section 2254 petition is also unsuccessful, but the petitioner wishes to file a second or successive writ to raise a "new" issue, or where he or she has committed a procedural default precluding one or more available remedies.  In such cases, there is some authority for the proposition that if the petitioner cannot establish cause and prejudice for his or her failure to raised the issues previously, he or she can still possibly obtain review of his or her additional constitutional claims by showing that his or her case "falls within a narrow class of cases

---

16, 2005)(2241).

[5] This "actual innocence" assertion appears to the be the most recent "alternative" to the "inadequate and ineffective" remedy argument generally raised by prisoners such as Petitioner who, essentially, attempt to receive an improper "second bite of the apple" by filing § 2241 petitions collaterally attacking convictions and sentences following unsuccessful initial § 2255 motions.

implicating a fundamental miscarriage of justice. Proving 'actual innocence' is a way to demonstrate that one's case falls within that narrow class." Cornell v. Nix, 119 F.3d 1329, 1333 (8th Cir. 1997). However, in the present case, Petitioner's actual innocence claim is facially inadequate to require consideration because Petitioner does not allege that there is any new, reliable evidence of any type that was not presented in any of his prior court proceedings which supports his innocence of the charge. See Schlup v. Delo, 513 U.S. 298, 324 (1995) (to present a credible claim of actual innocence, petitioner must "support his allegations of constitutional error with new reliable evidence--whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence--that was not presented at trial"); Doe v. Menefee, 391 F.3d at 161 (quoting Schlup for the evidentiary standard required for a court to consider an actual innocence claim); Thompson v. United States, 211 F.3d 1270 (6th Cir. 2000)(Table)(text available on Westlaw) (bare allegations of actual innocence as to the charge to which the Petitioner pleaded guilty are not facially adequate to invoke exceptional review of a conviction under § 2241). In sum, nothing in this case presents more than an unsupported allegation of "actual innocence " which requires this Court to "decline to address whether [Petitioner's] claim of 'actual innocence' allows [him] to bypass the gatekeeping requirements of the amended § 2255 and proceed with a § 2241 habeas corpus petition via § 2255's savings clause." United States v. Lurie, 207 F.3d 1075, 1077 n. 4 (8th Cir. 2000).

## **RECOMMENDATION**

Accordingly, it is recommended that the § 2241 Petition in this case be dismissed *without prejudice* and without requiring Respondents to file a return. See Allen v. Perini,

424 F.2d 134, 141 (6th Cir.1970)(federal district courts have duty to screen habeas corpus petitions and eliminate burdens placed on respondents caused by ordering an unnecessary answer or return); <u>Baker v. Marshall</u>, 1995 WL 150451 (N.D. Cal. March 31, 1995); and the Anti-Terrorism and Effective Death Penalty Act of 1996. Petitioner's attention is directed to the important notice on the next page.

                                        Respectfully submitted,

                                        s/Joseph R. McCrorey
                                        United States Magistrate Judge

January 3, 2006
Columbia, South Carolina

# Notice of Right to File Objections to Magistrate Judge's "Report and Recommendation"
# &
## The *Serious Consequences* of a Failure to Do So

The parties are hereby notified that any objections to the attached Report and Recommendation (or Order and Recommendation) must be filed within **ten (10) days** of the date of service.  28 U.S.C. § 636; Fed. R. Civ. P. 72(b).  The time calculation of this ten-day period excludes weekends and holidays and provides for an additional three days for filing by mail.  Fed. R. Civ. P. 6.  A magistrate judge makes only a recommendation, and the authority to make a final determination in this case rests with the United States District Judge.  *See* Mathews v. Weber, 423 U.S. 261, 270-71 (1976); Estrada v. Witkowski, 816 F. Supp. 408, 410 (D.S.C. 1993).

During the period for filing objections, but not thereafter, a party must file with the Clerk of Court specific, written objections to the Report and Recommendation, if he or she wishes the United States District Judge to consider any objections.  **Any written objections must** *specifically identify* **the portions of the Report and Recommendation to which objections are made** *and* **the basis for such objections.**  *See* Keeler v. Pea, 782 F. Supp. 42, 43-44 (D.S.C. 1992);  Oliverson v. West Valley City, 875 F. Supp. 1465, 1467 (D. Utah 1995).  Failure to file specific, written objections shall constitute a waiver of a party's right to further judicial review, including appellate review, if the recommendation is accepted by the United States District Judge.  *See* United States v. Schronce, 727 F.2d 91, 94 & n. 4 (4th Cir. 1984);  Wright v. Collins, 766 F.2d 841, 845-847 & nn. 1-3 (4th Cir. 1985).  Moreover, if a party files specific objections to a portion of a magistrate judge's Report and Recommendation, but does not file specific objections to other portions of the Report and Recommendation, that party waives appellate review of the portions of the magistrate judge's Report and Recommendation to which he or she did not object.  In other words, a party's failure to object to one issue in a magistrate judge's Report and Recommendation precludes that party from subsequently raising that issue on appeal, even if objections are filed on other issues.  *See*  Howard v. Secretary of HHS, 932 F.2d 505, 508-509 (6th Cir. 1991);  *see also* Praylow v. Martin, 761 F.2d 179, 180 n. 1 (4th Cir.)(party precluded from raising on appeal factual issue to which it did not object in the district court), *cert. denied*, 474 U.S. 1009 (1985).  In Howard,, the court stated that general, non-specific objections are *not* sufficient:

> A general objection to the entirety of the [magistrate judge's] report has the same effects as would a failure to object.  The district court's attention is not focused on any specific issues for review, thereby making the initial reference to the [magistrate judge] useless.  * * *  This duplication of time and effort wastes judicial resources rather than saving them, and runs contrary to the purposes of the Magistrates Act.  * * *  We would hardly countenance an appellant's brief simply objecting to the district court's determination without explaining the source of the error.

*Accord* Lockert v. Faulkner, 843 F.2d 1015, 1017-1019 (7th Cir. 1988), where the court held that the appellant, who proceeded *pro se* in the district court, was barred from raising issues on appeal that he did not specifically raise in his objections to the district court:

> Just as a complaint stating only 'I complain' states no claim, an objection stating only 'I object' preserves no issue for review.  * * *  A district judge should not have to guess what arguments an objecting party depends on when reviewing a [magistrate judge's] report.

*See also* Branch v. Martin, 886 F.2d 1043, 1046 (8th Cir. 1989)("no de novo review if objections are untimely or general"; which involved a *pro se* litigant);  Goney v. Clark, 749 F.2d 5, 7 n. 1 (3d Cir. 1984)("plaintiff's objections lacked the specificity to trigger *de novo* review").  **This notice, hereby, apprises the parties of the consequences of a failure to file specific, written objections.**  *See* Wright v. Collins;  Small v. Secretary of HHS, 892 F.2d 15, 16 (2d Cir. 1989).  Filing by mail pursuant to Fed. R. Civ. P. 5 may be accomplished by mailing objections addressed as follows:

Larry W. Propes, Clerk
United States District Court
901 Richland Street
Columbia, South Carolina 29201
