IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | | |
|---|---|---|
| JAMES CAVANAGH, | ) | Civil Action No.: 3:05-cv-2842-RBH |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| JOHN LaMANNA, | ) | |
| | ) | |
| Respondent. | ) | |
| _____ | ) | |

Petitioner, appearing *pro se*, commenced this action pursuant to 28 U.S.C. § 2241.  In 1992, Petitioner was sentenced to 300 months for drug conspiracy and other drug related crimes by the United States District Court for the Southern District of Florida. *See U.S. v. Cavanagh, et al.* Criminal No.: 1:90-cr-00007.  Attempting to collaterally attack his sentence and/or conviction, Petitioner filed a § 2255 motion in the sentencing court that was denied in July 2000.  Petitioner has not filed any requests with the Eleventh Circuit Court of Appeals to file any second or successive § 2255 motions in the sentencing court.  Petitioner is currently incarcerated at FCI-Edgefield in Edgefield, South Carolina.

Petitioner filed the current § 2241 petition on October 11, 2005.  Petitioner contends that his sentence is "illegal" citing *Apprendi v. New Jersey*, 530 U.S. 466 (2000); *Blakely v. Washington*, 542 U.S. 296 (2004); and *U.S. v. Booker*, 543 U.S. 220 (2005).  Petitioner also contends that he is "actually innocent" of the conduct that led to the enhanced sentenced he received because the facts concerning the weight or quantity of drugs involved in the conspiracy and his alleged supervisory role in the drug conspiracy were not included in the indictment and were not found to exist beyond a reasonable doubt.  Thus, the Petitioner

contends, he is actually innocent of the conduct required for a sentence of 300 months.

## Scope of Review

In accordance with 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02 these matters come before the court with the Report and Recommendation of United States Magistrate Judge Joseph R. McCrorey.  The Magistrate Judge makes only a recommendation to the court, to which any party may file written objections. The Court is not bound by the recommendation of the Magistrate Judge but, instead, retains responsibility for the final determination. *Mathews v. Weber*, 423 U.S. 261 (1976).  The Court is required to make a *de novo* determination of those portions of the Report or specified findings or recommendation as to which an objection is made.  However, the court is not required to review, under a *de novo* or any other standard, the factual or legal conclusions of the Magistrate Judge as to those portions of the Report and Recommendation to which no objections are addressed.  While the level of scrutiny entailed by the court's review of the Report thus depends on whether or not objections have been filed, in either case the court is free, after review, to accept, reject, or modify any of the Magistrate Judge's findings or recommendations. 28 U.S.C. § 636(b)(1).

## Discussion

The Report and Recommendation of the Magistrate Judge recommends that Petitioner's petition should be dismissed for two reasons.  First, Petitioner's petition should be dismissed because the Petitioner's claims are only cognizable under § 2255, and because the Petitioner cannot show that § 2255 is or was inadequate or ineffective in his case.  Second, even considering the merits of Petitioner's claims attacking the validity of his sentence based on the U.S. Supreme Court's holdings in *Apprendi*, *Blakely*, and *Booker*, Petitioner's petition must be

dismissed because the Fourth Circuit Court of Appeals has made it clear that the Supreme Court's holdings in *Apprendi*, *Blakely*, and *Booker* are not to be applied retroactively. *See San-Miguel v. Dove*, 291 F.3d 257, 261 (4th Cir. 2002) (affirming District Court denial of § 2241 petition that brought *Apprendi* challenge to sentence for drug trafficking and holding that *Apprendi* was not to be applied retroactively); *U.S. v. Morris*, 429 F.3d 65, 72 (4th Cir. 2005) (holding that *Booker/Blakely* claims are not available for post-conviction relief for federal prisoners whose convictions became final before *Booker* or *Blakely* were decided).

In this case, Petitioner's conviction and sentence became final in or before 1992, well before the Supreme Court's decisions in *Apprendi*, *Blakely*, and *Booker*. Under these circumstances, the Petitioner cannot challenge the legality of his sentence by raising claims under *Apprendi*, *Blakely*, and *Booker*. Therefore, this Court agrees with the Magistrate Judge's recommendation that the Petitioner's petition be dismissed without prejudice and without requiring Respondents to file a return.

As for Petitioner's claims that he is "actually innocent" of the conduct required for his enhanced 300 month sentence, Petitioner's argument is essentially the same as his *Apprendi*, *Blakely*, and *Booker* argument. Petitioner's claim of "actual innocence" appears to be based on the argument that the District Court lacked subject matter jurisdiction as a result of a failure to charge in the indictment either his alleged "supervisory" role in the conspiracy and/or the quantity or weight of the drugs involved in the conspiracy. The Magistrate Judge's Report stated that "Petitioner's actual innocence claim is facially inadequate to require consideration because the Petitioner does not allege that there is any new, reliable evidence of any type that was not presented in any of his prior court proceedings which supports his innocence of the

3

charge." Report and Recommendation, at pg. 9 [Docket Entry #7].  This Court agrees with the analysis and reasoning of the Magistrate Judge.  Petitioner's "actual innocence" claim does not fall within that narrow class of cases in which claims of "actual innocence" are successful. *See Cornell v. Nix*, 119 F.3d 1329, 1333 (8th Cir. 1997).  "To be credible, [a claim of "actual innocence"] requires petitioner to support his allegations of constitutional error with new reliable evidence - whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence - that was not presented at trial." *Schlup v. Delo*, 513 U.S. 298, 324 (1995).  The Petitioner in this case has failed to do so.  Here, the Petitioner simply raises a legal technicality as the basis for his "actual innocence."  Petitioner, thus, falls far short of the burden required to obtain relief on the basis of "actual innocence."

The Court has reviewed the Petitioner's objections and finds that they are without merit.  This Court cannot apply *Apprendi*, *Blakely*, and *Booker* retroactively when the Fourth Circuit Court of Appeals has clearly refused to do so.  Additionally, Petitioner has not submitted evidence sufficient to obtain relief on the basis of "actual innocence."  For those reasons, and those expressed by the Magistrate Judge, Petitioner's § 2241 petition is **DISMISSED** without prejudice and without requiring the Respondents to file a return.

With regard to Petitioner's Motion to Expand the Record, this Court will construe Petitioner's Motion as a Motion to Amend to the extent that Petitioner's Motion to Expand the Record raises the issue whether the trial court erred in denying a juror(s) request for aids that could assist the jury in the determination of the various actors involved in the alleged conspiracy.

There are numerous procedural issues regarding Petitioner's Motion to Expand the

Record.   First, it is questionable whether Petitioner's Motion is timely.   The Petitioner filed this Motion raising a new issue almost seven months after he filed his Objections to the Report and Recommendation.   Second, the issue raised in the Motion is not cognizable in Petitioner's § 2241 petition because § 2255 would have provided an adequate remedy with regard to that issue.

However, procedural considerations aside, it is well within the trial judge's discretion whether to allow jurors to take notes during trial. *See e.g. U.S. v. Baker*, 10 F.3d 1374, 1403 (9th Cir. 1993) (holding trial judge did not abuse discretion in declining to allow juror note taking in a case which lasted 16 months, contained a 44 count indictment, involved thousands of exhibits, and 30,000 pages of transcripts); *U.S. v. Vaccaro*, 816 F.2d 443, 451 (9th Cir. 1987) (concluding decision to prohibit or allow note taking was left entirely to the discretion of the trial judge); *U.S. v. Evans*, 542 F.2d 805 (10th Cir. 1976) (holding that the matter of allowing or disallowing note taking was within discretion of the trial judge, and the defendant showed no prejudice in the disallowance of note taking).

The trial court addressed the Petitioner's concern in a portion of the record that Petitioner attached to his Motion to Expand the Record.

> THE COURT: I understand one, one or more of the jurors has asked whether they can take notes.  The answer is not in this particular courtroom.  Some judges permit jurors to take notes, very few judges, but also, even those judges only permit notes to be taken in certain limited cases, like tax cases, where there are details and numbers and what have you. But I don't allow taking of notes from jurors for what I think is a very practical reason.
>
> If a juror is taking notes, that juror tends to concentrate on their own notes rather than the demeanor or manner of the witness.  It's important to be looking at a witness as well as listening to a witness.

5

> Because one of the things I will be telling you is that you are to consider in weighing the credibility of a witness how that witness appeared, the inflections of their voice, whether they looked right straight at you, whether they seem to be evasive, those sorts of things. Your attention gets averted if you're taking notes at the same time.
>
> Number two, some jurors, if I allow them to take notes, don't take them. Therefore, the jurors who take the notes take a more important position in the minds of the jurors who didn't take notes and they tend to rely on those jurors rather than their own observation. We want to rely on your own recollection, and not to get into the jury room and decide whether the juror who took the notes took them right or not.

It is clear in this case that the trial judge made a reasoned decision within his discretion not to allow the jurors to take notes and that decision was not an abuse of discretion or clearly erroneous. In that regard, the Petitioner's argument is without merit. Because the Petitioner's Motion to Expand the Record was untimely, not cognizable under § 2241, and without merit his Motion to Expand the Record is **DENIED**.

### Conclusion

For the reasons stated above, this Court overrules Petitioner's objections and adopts the Report and Recommendation as modified by this Order and incorporates it herein by reference. Accordingly, Petitioner's § 2241 petition is **DISMISSED** without prejudice and without requiring the Respondents to file an answer. Petitioner's [Docket Entry #9] Motion to Expand the Record is **DENIED**.

**IT IS SO ORDERED**.

Florence, South Carolina                                       s/ R. Bryan Harwell
March 21, 2007                                                 R. Bryan Harwell
                                                               United States District Judge

6